UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN MICHAEL PITTMAN,

Plaintiff,

v.

PIERCE COUNTY MUNICIPAL, *et al*.,

Defendants.

CASE NO. 3:26-cv-05372-TL-GJL

ORDER DECLINING SERVICE
AND TO SHOW CAUSE

Plaintiff Ryan Michael Pittman, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges his constitutional rights were violated when the Pierce County Superior Court transferred his collateral attack motions filed under Superior Court Criminal Rules ("CrR") 7.8 to the court of appeals for consideration as Personal Restraint Petitions ("PRPs") without notice. Dkt. 1-1.

Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court **DECLINES** to direct service upon Defendants and, instead, **ORDERS** Plaintiff to **SHOW CAUSE** why this action **should not be DISMISSED** for failure to state a claim. Plaintiff **SHALL** respond to this Order **on or before June 19, 2026**.

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 1

## I.    BACKGROUND

Plaintiff is a state prisoner currently incarcerated at Coyote Ridge Corrections Center. Dkt. 1-1 at 2. He initiated this § 1983 action alleging that "Pierce County municipal" and Pierce County Risk Management violated his constitutional rights in connection with their handling of Plaintiff's post-conviction CrR 7.8 motions filed in Pierce County Superior Court. Dkt. 1-1 at 3–5. Specifically, Plaintiff alleges Defendants repeatedly transferred his CrR 7.8 motions to the court of appeals for consideration as PRPs, despite the court of appeals having found several motions had been transferred in error. *Id.*

The constitutional injuries arising from these events are difficult to discern. For the purpose of this screening, however, the Court notes that Plaintiff appears to contend that Defendants effectively deprived him of due process under the Fourteenth Amendment and, therefore, denied him access to courts. *Id.* at 4–6. Plaintiff also seems to allege that Defendant Pierce Country Risk Management violated RCW 4.96.020 by failing to respond to his standard tort claim form within sixty days of its submission. *Id*. at 4–8.

As relief, Plaintiff seeks monetary damages, injunctive relief "requiring compliance with CrR 7.8 procedures," and costs and fees under 42 U.S.C. § 1988. *Id*. at 9.

## II.    SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 2

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). Conversely, if it is clear a complaint may not be cured through amendment, dismissal without leave to amend is appropriate. *Id.* Further, if the claims put forth in a complaint lack any arguable substance in law or in fact, then the complaint must be dismissed without leave to amend as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

//

//

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 3

### III.    DISCUSSION

Based on the Court's review, the Complaint is deficient and not appropriate for service. As explained below, Plaintiff (A) fails to provide a clear and sufficient statement of his claims, (B) appears to name defendants who are not subject to suit under § 1983 or are protected by immunity, and (C) seeks relief that likely cannot be reviewed by this Court while related state post-conviction proceedings remain ongoing. In addition, Plaintiff (D) fails to allege facts showing a viable claim under RCW 4.96.020.

**A.    Simple, Concise, and Direct Allegations**

At the outset, the Court finds Plaintiff's pleading is generally deficient because it does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, the Complaint neither provides clear factual allegations explaining how Plaintiff's rights were violated nor specifically alleges the wrong-doing attributable to each of the Defendants. Rather, Plaintiff provides vague, conclusory statements that do not adequately explain the facts of this case or the rights allegedly violated. In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights.

**B.    Improper Defendants**

The Court notes that state courts, their judges, and their employees are generally improper defendants for a § 1983 claim. *See Slack v. Washington*, No. 2:23-CV-0689-RJB-GJL,

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 4

2023 WL 4424519, at *2 (W.D. Wash. June 20, 2023), *report and recommendation adopted*, No. 2:23-CV-0689-RJB-GJL, 2023 WL 4422379 (W.D. Wash. July 10, 2023).

To the extent they may be discerned, the cursory allegations in the Complaint appear to challenge actions taken by the Pierce County Superior Court in finding Plaintiff's CrR 7.8 motions procedurally barred, declining to rule on the merits, and instead transferring the motions to the court of appeals for consideration as personal restraint petitions. Dkt. 1-1 at 5, 14–16. Plaintiff specifically names Defendant "Pierce County municipal" as the entity "responsible for operation of Pierce County Superior Court" and refers to the "agents" of Pierce County Superior Court in his allegations. Dkt. 1-1 at 3, 6. To the extent Plaintiff seeks to name Pierce County Superior Court, its judges, or employees as Defendants, they are not subject to his § 1983 claims.

First, as a state entity, the Pierce County Superior Court's actions (and those of its employees) are attributable to the State of Washington, not the county in which it sits. *Penry v. Thurston Cty.*, 89 F. App'x 619, 620 (9th Cir. 2004) (explaining that the Superior Courts of Washington are state entities). Therefore, like the State of Washington itself, the Pierce County Superior Court is not a "person" that can be sued under § 1983, and it cannot be liable for monetary damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1964).

Second, judicial officers and court employees involved in the transfer of Plaintiff's post-conviction filings would not be appropriate defendants in a § 1983 action. It is well established that judicial officers are entitled to absolute immunity for traditional functions performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*) (citations omitted). That is,

judges retain absolute immunity from damages suits even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or when accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988).

Likewise, judicial employees "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Sharma v. Stevas,* 790 F.2d 1486 (9th Cir. 1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his acts were an integral part of the judicial process).

Here, the transfer of Plaintiff's post-convictions motions falls within the traditionally protected judicial process and the judicial officers and court employees named as Defendants are shielded by absolute immunity doctrines.

In short, Plaintiff may not pursue his § 1983 claims against Piece County Superior Court, which is an entity of Washington State, *not* Pierce County. Also, Plaintiff may not pursue his damages claims against individual judicial officers and court employees for conduct shielded by absolute judicial immunity. As his Complaint appears to attempt both, it is deficient in a manner not likely to be cured through amendment.

**C.      Younger Abstention**

Even assuming *arguendo* Plaintiff could name proper defendants in this § 1983 action, it appears his claims are inappropriate for review in federal court under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 6

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45, 46. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Where these factors are met, federal courts must abstain unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 766.

As noted, Plaintiff's allegations lack clarity but, to the extent the Court can discern them, it appears his claims relate to ongoing state court proceedings for which the *Younger* abstention doctrine applies. First, Plaintiff's submissions indicate he is actively pursuing post-conviction relief from his criminal judgment through ongoing proceedings in state court. Dkt. 1-1; *see also* Dkt. 1-2 (exhibits consisting of numerous state court filings).

Second, these proceedings involve the continued adjudication of a state criminal sentence, which implicate important state interests. *Younger*, 401 U.S. at 43–44; *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Third, Plaintiff's submissions demonstrate that he has had the opportunity to address the alleged constitutional violations in the state court proceedings and has successfully objected to the transfer of several of his CrR 7.8 motions before the court of appeals. Dkt. 1-2 at 17, 28, 30.

Fourth, Plaintiff requests that this Court issue an injunction in his state court proceedings. Even if the Court were to decline this specific form of relief, even a conclusion that Plaintiff has succeeded on the merits of his claims would still have the practical effect of enjoining his ongoing state court proceedings.

Finally, Plaintiff's Complaint does not demonstrate extraordinary circumstances warranting federal intervention exist in this case. It thus appears the *Younger* abstention applies to Plaintiff's claims and prevent him from obtaining federal review at this time.

**D.      Revised Code of Washington § 4.96.020**

Finally, to the extent Plaintiff alleges Defendants violated R.C.W. § 4.96.020, this provision provides procedures for claimants seeking to sue local government entities for damages for tortious conduct. Dkt. 1-1 at 4–5. The statute provides, in relevant part, that "all claims for damages must be presented on the standard tort claim form that is maintained by the office of risk management in the department of enterprise services." R.C.W. § 4.96.020(3).

The Complaint seems to suggest Defendants violated § 4.96.020 by failing to respond to Plaintiff's standard tort claim form within sixty days. Dkt. 1-1 at 5. However, the statute cited by Plaintiff only requires claimants to wait sixty days after presenting the claim form to the applicable entity before commencing an action for damages. *See* R.C.W. § 4.96.020(4). This provision does not require action on the part of the entity notified of the claims or preclude Plaintiff from filing an action for damages once the waiting period has elapsed. *C.f. Chang v. Vanderwielen*, No. 23-35284, 2026 WL 1283763, at *2 (9th Cir. May 11, 2026) (affirming dismissal where *claimant* failed to comply with these requirements). Accordingly, the Complaint also fails to allege a violation of state law.

//

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 8

## IV.   CONCLUSION AND INSTRUCTIONS TO PLAINTIFF

Given the nature of the defects described above, it does not appear Plaintiff will be able to cure his pleadings through amendment. Thus, Court declines to direct service of the Complaint upon Defendants. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** not later than **June 19, 2026**, why this action **should not be DISMISSED for failure to state a claim**, for failure to name a viable defendant, and as barred by the *Younger* abstention doctrine. Failure to respond to this Order by the stated deadline and to adequately address the issues raised herein **MAY** result in a **recommendation this action be DISMISSED**.

Dated this 19th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 9